T.C. Summary Opinion 2006-141

UNITED STATES TAX COURT

FRANK HARRELL, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19193-05S.          Filed September 13, 2006.

Frank Harrell, pro se.

Carrie L. Kleinjan, for respondent.

RUWE, Judge:  This case was heard pursuant to section 7463[1] in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $1,755 in 2002 and $1,500 in 2003. The only issue for decision is whether petitioner is entitled to itemized deductions for charitable contributions of $6,500 for 2002 and $6,000 for 2003.

Some facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioner resided in Wilmington, Delaware.

Respondent received petitioner's electronically filed Federal income tax returns for 2002 and 2003 on May 21, 2003, and April 30, 2004, respectively. Petitioner's returns were prepared by Chester Muhammad. Petitioner claimed itemized deductions for charitable contributions of $6,500 and $6,000 for 2002 and 2003, respectively.

During the examination of petitioner's returns, petitioner submitted computer-generated lists which show weekly cash charitable contributions to Faith Tabernacle Church (the church) of $125 per week for 2002 (totaling $6,500) and $115 per week for 2003, except for one week which shows $135 (totaling $6,000). Petitioner subsequently submitted revised lists which show the amount of weekly contributions made to Faith Tabernacle Baptist

Church[2] for 2002 and 2003.  The revised list for 2002 shows weekly contributions broken down as, Tithes-$100, Pastor's Offering-$20, and Utilities Fund-$5.  The revised list for 2003 shows weekly contributions broken down as, Tithes-$90 and Pastor's Offering-$25, except that for one week it shows Tithes-$100, Pastor's Offering-$20, and Utilities Fund-$15.  Respondent determined that neither list is a reliable written record sufficient to substantiate petitioner's claimed charitable contributions.  Petitioner's original and revised lists were neither dated nor signed by a representative of the church.  Petitioner's lists were written with the help of his tax preparer, Chester Muhammad, with information provided by petitioner.

Petitioner had a checking account in 2002 and 2003, but made no contributions by check.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer

---

[2] Petitioner clarified at trial that although he listed the church as Faith Tabernacle Baptist Church on his revised statement, the correct name was Faith Tabernacle Church.

introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information. Petitioner has not met the requirements of section 7491(a) because he has not met the substantiation requirements or introduced credible evidence regarding the deductions at issue.

Deductions are strictly a matter of legislative grace and the taxpayer bears the burden of proving entitlement to the claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 170(a) allows as a deduction any charitable contribution the payment of which is made within the taxable year. Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary. Sec. 170(a)(1). In general, the regulations require a taxpayer to maintain for each contribution one of the following: (1) A canceled check; (2) a receipt from the donee;[3] or, in the absence of a check or receipt, (3) other reliable written records. Sec. 1.170A-13(a)(1), Income Tax Regs. Section 1.170A-13(a)(2)(i), Income Tax Regs., provides special rules to determine the reliability of records on the basis of all the facts and circumstances of the particular case and further

---

[3] A receipt is required to contain the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

provides factors to consider in making this determination, including: (1) Whether the writing that evidences the contribution was written contemporaneously and (2) whether the taxpayer keeps regular records of the contributions.

Petitioner testified that because he had made all of his charitable contributions in cash, he had no canceled checks. Petitioner failed to provide any receipts from the church. The only records petitioner provided were the lists, which he created with the help of his tax preparer, showing weekly payments to the church. These lists were not prepared contemporaneously with the alleged contributions.

We find that petitioner failed to provide reliable evidence of his purported contributions and failed to meet his burden of proof. We hold that respondent's determinations disallowing petitioner's claimed charitable contribution deductions are sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.